GABRIEL P. HERRERA, State Bar No. 287093
gherrera@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for NIKKI B. FARRIS,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>ROSEMARY RONNEL JAMISON,<br><br>Debtor. | Case No. 25-23916<br>Chapter 7<br><br>DCN: KMT-1<br><br>**ORDER GRANTING APPLICATION TO EMPLOY KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD PURSUANT TO AN HOURLY FEE AGREEMENT**<br><br>*[Hearing Not Required]* |

After reviewing the application of Chapter 7 trustee Nikki B. Farris ("Trustee") to employ Kronick, Moskovitz, Tiedemann & Girard ("KMTG") pursuant to 11 U.S.C. § 327, the declaration of Gabriel P. Herrera, the exhibit in support of the application, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the Trustee is authorized to employ KMTG as her general counsel for the purposes set forth in the application, subject to the following terms and conditions:

1. KMTG's employment is effective as of the date of this order.

2. No compensation is permitted except upon court order following application pursuant to 11 U.S.C. § 330.

3. Compensation and services rendered on an hourly basis will be at the "lodestar rate" applicable at the time the services are rendered in accordance with the Ninth Circuit decision in *In re Manoa Finance Company*, 853 F. 2d 687 (9th Cir. 1988). Guidance on evidence appropriate to

support applications for compensation appears in *In re Gianulias*, 98 B.R. 27 (Bankr.E.D. Cal.), *aff'd*, 111 B.R. 867 (E.D. Cal. 1989).

4. No hourly rate or other term in the application is approved unless unambiguously so stated in this order or in a subsequent order of this court.

5. All funds received by counsel in connection with this case, regardless of whether they are denominated a retainer or are said to be non-refundable, are deemed to be an advance payment of fees and to be property of the estate (or the debtor if exempt) except to the extent that counsel demonstrates, pursuant to the statement required by 11 U.S.C. § 329 filed before ten days after issuance of this order, that such funds were received as the reasonable value of actual prepetition services.

6. Funds that are deemed to constitute an advance payment of fees shall be maintained in a trust account in an authorized depository, which account may be either separate interest-bearing account or an attorney's trust account containing commingled trust funds. Withdrawals are permitted only after approval of an application for compensation and after the court issues an order authorizing disbursement of a specified amount.

7. Although nunc pro tunc approval of employment is no longer permissible, compensation for pre-employment services may still be allowed upon a showing of exceptional circumstances. *In re Miller*, 620 B.R. 637 (Bankr. E.D. Cal. 2020). Any application or motion for compensation must therefore distinguish between any services provided before the effective date of employment (and include the requisite showing supported by evidence) and services provided after the effective date of employment. The effective date of employment is the date of this order.

8. Monthly applications for interim compensation pursuant to 11 U.S.C. § 331 will be entertained.

**Dated:** September 25, 2025

Christopher D. Jaime, Judge
United States Bankruptcy Court