3

GABRIEL P. HERRERA, State Bar No. 287093
gherrera@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for NIKKI B. FARRIS,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

In re

ROSEMARY RONNEL JAMISON,

Debtor.

Case No. 25-23916
Chapter 7

DCN: KMT-3

**DECLARATION OF NIKKI B. FARRIS IN SUPPORT OF MOTION TO EXTEND DEADLINE TO OBJECT TO DEBTOR'S DISCHARGE**

Judge: Hon. Christopher D. Jaime
Date: December 2, 2025
Time: 11:00 a.m.
Dept.: B, Crtrm 32, 6th Floor
501 I Street
Sacramento, CA 95814

I, NIKKI FARRIS, declare as follows:

1. I am the Chapter 7 trustee for the bankruptcy estate of ROSEMARY RONNEL JAMISON ("Debtor"). Unless stated otherwise, this declaration is based upon my own personal knowledge and if called as a witness, I could and would competently testify to the facts set forth herein. I make this declaration in support of the motion for an order extending the deadlines to object to the Debtor's discharge pursuant to 11 U.S.C. section 727 from November 3, 2025 to January 2, 2026.

///

///

2. The docket reflects that on or about July 30, 2025, the above-captioned bankruptcy case was commenced by the filing a voluntary Chapter 7 petition. I am the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

3. On or about September 2, 2025, I conducted the first 341 meeting of creditors, setting the deadline for objections to discharge as November 3, 2025. I concluded the meeting with a Report of No Distribution.

4. On or about September 17, 2025, Charles Jamison ("C. Jamison"), the spouse of the Debtor, filed an Ex Parte Motion to Shorten Time on Hearing for Motion to Dismiss Bankruptcy for Fraud. In his motion, C. Jamison asserted, among other things, that the Debtor had not disclosed interests in real properties, purses, and jewelry. Based on the claims asserted, the Court issued an order directing me to investigate the potential undisclosed assets. In addition, the Court ordered that no discharge be entered without further order of the Court.

3. On or about September 18, 2025, a Notice of Withdrawal of the no asset designation was entered by me.

4. On or about September 25, 2025, I caused to be filed KMT-1, my application to employ counsel to assist with investigating the potential claims asserted by C. Jamison. In conjunction, I filed an application to issue discovery to the Debtor, and her parents, Edward Santiago and Lori Santiago (collectively "Santiagos").

5. I have been investigating two real properties – real property generally located at 6100 Stonehand Ave, Citrus Heights, CA 95621 ("Stonehand Property") and real property generally located at 6003 Kuvasz Court, Citrus Heights, CA 95621 ("Kuvasz Property").

6. I have not concluded my investigation of the Stonehand Property and the Kuvasz Property. Likewise, I have not concluded my investigation of issues related to purses and jewelry.

7. I have caused to be set 2004 examinations for November 19, 2025, to examine the Debtor and the Santiagos related to the transfers being investigated.

5. I have not had an opportunity to complete my investigation as to whether an objection to discharge is warranted.

///

2

DECLARATION OF NIKKI B. FARRIS IN SUPPORT OF
MOTION TO EXTEND DEADLINE TO OBJECT TO DEBTOR'S DISCHARGE

8.	In my opinion the deadline to object to discharge should be extended. Preliminarily, the Court entered an order determining that no discharge be entered absent further Court order. As part of that order, the Court also directed me to investigate issues identified by C. Jamison. However, the order is unclear as to whether the deadline to object to discharge is extended. While I believe the deadline is extended, I am filing this motion out of the abundance of caution. I am diligently investigating the issues identified by C. Jamison, but have been unable to conclude my investigation. Moreover, I have 2004 examinations set for November 19, 2025, which should provide clarity as to the path forward for the estate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3rd day of November, 2025, at Chico, California.

_____
NIKKI B. FARRIS