**3**

GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for NIKKI B. FARRIS,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>ROSEMARY RONNEL JAMISON,<br><br>    Debtor. | Case No. 25-23916<br>Chapter 7<br><br>DCN: KMT-4<br><br>**TRUSTEE'S REPORT OF INVESTIGATION** |

    NIKKI B. FARRIS ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of ROSEMARY RONNEL JAMISON ("Debtor"), hereby provides the following report of investigation:

    1.    On or about July 30, 205, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition. The Trustee is the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

    2.    On September 17, 2025, Charles Jamison ("C. Jamison"), the spouse of the Debtor, filed an Ex Parte Motion to Shorten Time on Hearing for Motion to Dismiss Bankruptcy for Fraud. In his motion, C. Jamison asserted, among other things, that the Debtor had not disclosed interests in real properties, purses, and jewelry. Based on the claims asserted, the Court issued an order to have the Trustee investigate the potential undisclosed assets.

    3.    On or about September 25, 2025, the Trustee filed KMT-1, the Trustee's application to employ counsel to assist with investigating the potential claims asserted. In conjunction, the

Trustee obtained an application to issue discovery to the Debtor, and her parents, Edward Santiago and Lori Santiago (collectively "Santiagos").

4. The Trustee has been investigating two real properties – real property generally located at 6100 Stonehand Ave, Citrus Heights, CA 95621 ("Stonehand Property") and real property generally located at 6003 Kuvasz Court, Citrus Heights, CA 95621 ("Kuvasz Property").

5. On or about February 12, 2021, the Debtor and C. Jamison acquired title to the Stonehand Property as community property with right of survivorship. On or about the same day, the Debtor and C. Jamison transferred the Stonehand Property to CDK Investments, LLC ("CDK Investments") by Grant Deed which was recorded as Document No. 202102251022 in Sacramento County. CDK Investments is a limited liability company established on February 10, 2021. C. Jamison is both the Manager and Chief Executive Officer of CDK Investments.

6. On or about September 15, 2023, CDK Investments transferred the Stonehand Property by gift, and for no consideration, to the Santiagos as community property with right of survivorship ("Stonehand Transfer"). The transfer was accomplished by Grant Deed and recorded as Document No. 202309210926.

7. On or about February 12, 2021, the Debtor and C. Jamison, acquired title to the Kuvasz Property as community property with right of survivorship. The Kuvasz Property was also transferred to CDK Investments.

8. On or about September 15, 2023, CDK Investments transferred the Kuvasz Property by gift, and for no consideration, to the Santiagos as community property with right of survivorship ("Kuvasz Transfer"). The transfer was accomplished by Grant Deed and recorded as Document No. 202309210931.

9. C. Jamison has explained that the Stonehand Transfer and Kuvasz Transfer were performed, under pressure, for refinancing purposes, and the Santiagos are holding title as an accommodation. C. Jamison explains that he and the Debtor still hold true ownership of both the Stonehand and Kuvasz Properties.

10. C. Jamison has produced (and continues to produce) hundreds of pages of documents and messages in which the Trustee has reviewed and analyzed. Some of the documents and

messages suggest the real properties may be owned by the Debtor and C. Jamison, but additional clarity is required. There is also significant other issues involved related to difficult divorce proceedings.

11. The Trustee has also been in communication with the Debtor's counsel, who has refuted many of the allegations made by C. Jamison. The Trustee is investigating a potential Real Real account – the Real Real is an online retailer that allows individuals to sell items of personal property online. The Debtor claims that the Real Real account is the Debtor's mother's account.

12. The Trustee has 2004 examinations set for November 19, 2025, to examine the Debtor and the Santiagos related to the transfers being investigated.

DATED: November 4, 2025

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: _____
Gabriel P. Herrera
Attorneys for NIKKI B. FARRIS,
Chapter 7 Trustee