**4**

GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for NIKKI B. FARRIS,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 25-23916 |
| | Chapter 7 |
| ROSEMARY RONNEL JAMISON, | |
| | DCN: KMT-5 |
| Debtor. | |
| | **DECLARATION OF NIKKI B. FARRIS IN SUPPORT OF MOTION TO APPROVE COMPROMISE** |
| | |
| | Judge:  Hon. Christopher D. Jaime |
| | Date:   January 6, 2026 |
| | Time:   11:00 a.m. |
| | Dept.:  B, Crtrm 32, 6th Floor |

I, Nikki B. Farris, declare as follows:

1.      I am the Chapter 7 Trustee for the bankruptcy estate of ROSEMARY RONNEL JAMISON ("Debtor").  Unless stated otherwise, this declaration is based upon my own personal knowledge and if called as a witness, I could and would competently testify to the facts set forth herein.  I make this declaration in support of the motion to approve my settlement agreement ("Agreement") with Edward Santiago and Lori Santiago (collectively "Santiagos") that includes the following terms:

        (a)      The parties agree that certain real properties generally located at 6100 Stonehand Ave., Citrus Heights, CA 95621 ("Stonehand Property") and 6003 Kuvasz Court, Citrus Heights, CA 95621 ("Kuvasz Property") are property of the Debtor's bankruptcy estate under 11 U.S.C. section 541.

(b)     Title shall be conveyed to the bankruptcy estate and/or the estate may commence an adversary proceeding to effectuate the terms of the Agreement to the extent necessary.

(c)     In the event the estate is unable to sell the Stonehand Property or the Kuvasz Property, I may seek court approval to abandon one or more of the properties. In that event, title shall revert back to the name of the Santiagos as if the Agreement was never entered into.

(d)     In the event the Kuvasz Property and/or the Stonehand Property are sold or the proceeds collected by the estate, the parties agree that the proceeds shall be distributed: (i) First, costs arising from the sale, including broker fees, property taxes, and any tax obligations resulting from the sale; (ii) Second, payment of liens secured by one or more of the properties in their respective priorities; (iii) Third, 35% to the Santiagos and 65% to the bankruptcy estate.

(e)     Limited releases to be exchanged with the Santiagos relating only to the Kuvasz Property and the Stonehand Property.

A true and correct copy of the Agreement is filed herewith as **Exhibit A.**

2.     The docket reflects that on or about July 30, 2025, the Debtor commenced the above-captioned bankruptcy case by the filing of a voluntary Chapter 7 petition. I am the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

3.     After a no asset report was filed and the Court directed me to investigate potential undisclosed assets identified by the Debtor's spouse Charles Jamison ("C. Jamison"), I investigated, among other things, the estate's interest in the Stonehand Property and the Kuvasz Property. Through my investigation I learned that:

(a)     On or about February 12, 2021, the Debtor and C. Jamison acquired title to the Stonehand Property as community property with right of survivorship. On or about the same day, the Debtor and C. Jamison transferred the Stonehand Property to CDK Investments, LLC ("CDK Investments") by Grant Deed which was recorded as Document No. 202102251022 in Sacramento County. CDK Investments is a limited liability company established on February 10, 2021. C. Jamison is both the Manager and Chief Executive Officer of CDK Investments.

(b)     On or about September 15, 2023, CDK Investments transferred the

Stonehand Property by gift, and for no consideration, to the Santiagos as community property with right of survivorship ("Stonehand Transfer"). The transfer was accomplished by Grant Deed and recorded as Document No. 202309210926.

        (c)    On or about February 12, 2021, the Debtor and C. Jamison, acquired title to the Kuvasz Property as community property with right of survivorship. The Kuvasz Property was also transferred to CDK Investments.

        (d)    On or about September 15, 2023, CDK Investments transferred the Kuvasz Property by gift, and for no consideration, to the Santiagos as community property with right of survivorship ("Kuvasz Transfer"). The transfer was accomplished by Grant Deed and recorded as Document No. 202309210931.

4.    The Santiagos are currently on title to the Stonehand Property, estimated to be worth approximately $500,000 and subject to liens estimated to be $405,000, and the Kuvasz Property, estimated to be worth $450,000 and subject to liens estimated to be $315,000.

5.    Ownership to the Stonehand Property and the Kuvasz Property is disputed. I discovered evidence that the properties may be actually owned by the Debtor and C. Jamison. As such, I contend that the Stonehand Property and the Kuvasz Property are property of the bankruptcy estate under 11 U.S.C. section 541 and I have sought turnover under 11 U.S.C. section 542. The Santiagos vehemently dispute these claims and have provided some evidence to the contrary.

6.    The Stonehand Property and the Kuvasz Property are subject to loans in default. Foreclosure proceedings have been commenced against the properties.

7.    The resolution reached culminated after several depositions were caused to be conducted by me.

8.    To avoid the dispute with the Santiagos and unnecessary litigation, the Santiagos and I have entered into an agreement. In making this determination, I also considered the factors enunciated in *In re A&C Properties*, 784 F. 2d 1377, 1381 (9th Cir. 1986).

9.    I believe that the probability of success in the litigation factor weighs in favor of the Agreement. I contend that the Kuvasz Transfer and the Stonehand Transfer were not only avoidable transfers, I also contend that the Santiagos only hold bare legal title to the properties. Through my

investigation, I discovered evidence to demonstrate that the Debtor and C. Jamison were the true owners. The Santiagos, however, vehemently dispute my claims and have presented some evidence to the contrary. Moreover, I acknowledge that the dispute is highly factual. While I believe I would prevail in any litigation, the probability of success is ultimately unknown.

10. The difficulty in collection factor weighs in favor of the Agreement. Absent the Agreement, the parties may have been litigating for quite some time which could negatively impact any equity held in the properties given that liens are not being paid and there has been foreclosure proceedings initiated.

11. I believe the complexity, expense, and inconvenience factor weighs in favor of the Agreement. The estate could incur significant expense litigating a dispute that involves significant factual disputes that span over five years. In fact, hundreds of pages of documents have been provided to me. Moreover, litigation would be highly inconvenient given that the Agreement provides the estate the benefit of most of the equity of the properties.

12. The paramount interest of creditors factor heavily weighs in favor of the Agreement. In my opinion, the Agreement is in the best interest of the estate, particularly considering that the Agreement provides the bulk of any equity to be distributed to the estate. Moreover, this was a no asset case that has now turned into an asset case as a result of the Agreement. Notably, the Agreement should implement the automatic stay as to the real properties preventing any immediate foreclosures and providing time for me to evaluate and potentially liquidate the real properties. Finally, the Agreement culminated in several weeks of discovery, multiple depositions, and the distribution terms were heavily negotiated. This is not a situation in which I rushed into a deal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 16th day of December, 2025, at Chico, California.

_____
NIKKI B. FARRIS