6

1 GABRIEL P. HERRERA, State Bar No. 287093
   *gherrera@kmtg.com*
2 KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
   A Professional Corporation
3 1331 Garden Hwy, 2nd Floor
   Sacramento, California 95833
4 Telephone: (916) 321-4500
   Facsimile: (916) 321-4555

Attorneys for NIKKI B. FARRIS,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| In re | Case No. 25-23916 |
|---|---|
| ROSEMARY RONNEL JAMISON, | Chapter 7 |
| Debtor. | DCN: KMT-5 |
| | **EXHIBIT IN SUPPORT OF MOTION TO APPROVE COMPROMISE** |
| | Judge: Hon. Christopher D. Jaime |
| | Date: January 6, 2026 |
| | Time: 11:00 a.m. |
| | Dept.: B, Crtrm 32, 6th Floor |

| EXHIBIT NO. | DESCRIPTION | PAGE NO. |
|:---:|:---:|:---:|
| A | Settlement Agreement | 2–6 |

DATED: December 16, 2025      KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
                                                      A Professional Corporation

                                                    By: _____
                                                    Gabriel P. Herrera
                                                    Attorneys for NIKKI B. FARRIS,
                                                    Chapter 7 Trustee

# Exhibit A

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is made and entered into by and between NIKKI B. FARRIS ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of ROSEMARY RONNEL JAMISON (collectively "Debtors"), and EDWARD SANTIAGO and LORI SANTIAGO (collectively "Santiagos").

In support of the Agreement, the parties recite as follows:

## RECITALS

A.   On or about July 30, 2025, the Debtors commenced Eastern District of California Bankruptcy Case No. 25-23916 ("Bankruptcy Case") by the filing of a voluntary Chapter 7 petition. The Trustee is the duly appointed Chapter 7 trustee.

B.   The Santiagos are on title to certain real properties generally located at 6100 Stonehand Ave., Citrus Heights, CA 95621 ("Stonehand Property") and 6003 Kuvasz Court, Citrus Heights, CA 95621 ("Kuvasz Property").

C.   Ownership to the Stonehand Property and the Kuvasz Property is disputed. The Trustee contends and the Santiagos vehemently dispute that the Stonehand Property and the Kuvasz Property are property of the bankruptcy estate under 11 U.S.C. section 541 and the Trustee has sought turnover under 11 U.S.C. section 542.

D.   The Stonehand Property and the Kuvasz Property are subject to loans in default. Foreclosure proceedings have been commenced against the properties.

## AGREEMENT

**NOW THEREFORE,** for good and valuable consideration, including the limited release described and contained below, and subject to Bankruptcy Court approval at a duly noticed hearing, the parties to this Agreement each hereby agree as follows:

1.   <u>Incorporation of Recitals and Definitions</u>. The foregoing recitals are true and are an integral part of this Agreement. The foregoing recitals are fully incorporated herein.

2.   <u>Conditions</u>. This Agreement is conditioned upon an order granting the motion to approve this Agreement entered on the docket of the Bankruptcy Case and such order becoming final, non-appealable pursuant to Federal Rules of Bankruptcy Procedure 8002 (unless otherwise waived by the Court), which date shall hereinafter be referred to as the "Effective Date."

3.   <u>Dispute of Claims</u>. It is understood and agreed that this Agreement is the compromise of disputed claims asserted by the Trustee, and that the terms of settlement contained herein and the releases executed are not intended to be and shall not be construed as admissions of any liability or responsibility whatsoever and the Santiagos expressly deny any liability or responsibility whatsoever.

4. <u>Ownership of the Properties</u>. The parties agree that the Kuvasz Property and the Stonehand Property are property of the bankruptcy estate under 11 U.S.C. section 541.

    4.1 <u>Title</u>. Upon the Effective Date, title to the Kuvasz Property and the Stonehand Property shall be conveyed to the bankruptcy estate of the Debtor. In the event title is not timely transferred to the bankruptcy estate, an order and/or judgment may be entered divesting the Santiagos' interest in the Kuvasz Property and the Stonehand Property and vesting title in the name of the bankruptcy estate.

        4.1.2 <u>Adversary Proceeding</u>. To the extent necessary and in the Trustee's sole discretion, the Trustee is authorized to commence an adversary proceeding for turnover of the Kuvasz Property and the Stonehand Property and/or to effectuate the terms of this Agreement. This Agreement shall be construed as a stipulation for entry of judgment divesting the Santiagos' interest in the Kuvasz Property and the Stonehand Property and vesting title in the name of the bankruptcy estate.

    4.2 <u>Reversion of Title</u>. In the event the Trustee is unable to sell the Kuvasz Property and/or the Stonehand Property, the Trustee may seek court approval to abandon one or more of the properties pursuant to 11 U.S.C. section 554. In that event, title shall revert to the name of the Santiagos as if this Agreement was never entered into.

5. <u>Distribution of Any Sale Proceeds</u>. In the event the Kuvasz Property and/or the Stonehand Property is sold or the proceeds collected by the Trustee, the parties agree that the proceeds shall be distributed as follows:

First, costs arising from the sale, including broker fees, property taxes, and any tax obligations resulting from the sale;

Second, payment of liens secured by one or more of the properties in their respective priorities;

Third, 35% to the Santiagos and 65% to the bankruptcy estate.

    5.1 <u>Sale</u>. Nothing in this Agreement shall be construed as requiring the Trustee to collect, recover, and/or sell the Kuvasz Property and/or the Stonehand Property.

6. <u>Limited Release</u>. Subject to the terms of this Agreement, including Bankruptcy Court approval, the Trustee does hereby, for the bankruptcy estate, itself, and its legal or other representatives, agents, affiliates, successors-in-interest and assigns, irrevocably and unconditionally releases, acquits and forever discharges the Santiagos, their employees, officers, affiliates, parent entities, estates, attorneys, predecessors and successors, agents and assigns, and each of them, from any and all lawsuits, claims, actions, demands or other legal or equitable responsibilities, covenants or obligations of any kind which the Trustee may have based on, pertaining to, or arising from the estate's interest in the Kuvasz Property and the Stonehand Property. Likewise, the Santiagos does hereby for herself and her heirs, legal or other representatives, executors, agents, attorneys, administrators, successors-in-interest and assigns, irrevocably and unconditionally releases, acquits and forever discharges the Trustee, her

employees, officers, affiliates, parent entities, estates, attorneys, predecessors and successors, agents and assigns, and each of them, from any and all lawsuits, claims, actions, demands or other legal or equitable responsibilities, covenants or obligations of any kind which the Santiagos may have against the Trustee, pertaining to, or arising from the Kuvasz Property and the Stonehand Property.  The release does not extend to any other claims the Trustee may have against the Debtor and Charles Jamison, if any.

7.  <u>Authority</u>.  The parties represent that the execution, delivery and performance by them, of this Agreement, is within their powers and has been duly authorized by all necessary actions, and does not contravene (i) any Articles of Incorporation or Bylaws, as applicable; (ii) any law or contractual restriction binding on them or affecting them; or (iii) any agreement binding on them or their properties.  Subject to this terms of this Agreement, this Agreement, shall be a legal, valid and binding obligation, enforceable in accordance with its terms.

8.  <u>Warranty of Non-Assignment</u>.  The parties to this Agreement, and each of them, warrant that they have not assigned to any other person or entity the claims which are the subject of this Agreement.

9.  <u>Successors and Assigns</u>.  This Agreement shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors, heirs, administrators and assigns.  This Agreement may not be assigned by either party without the prior written consent of the other party, such consent to be given or withheld in such other party's sole discretion.

10.  <u>Entire Agreement</u>.  This Agreement contains the entire agreement of the parties regarding the subject matter of this Agreement.  Any prior agreements, promises, negotiations, or representations, either oral or written, relating to the subject matter of this Agreement, not expressly set forth in this Agreement, are of no force or effect.

11.  <u>Amendment and Waiver</u>.  Neither this Agreement, nor any of the provisions hereof, may be changed, waived, discharged or terminated, except by an instrument in writing signed by the party against whom enforcement of the change, waiver, discharge or termination is sought.  No waiver by the parties to this Agreement of any breach of any term or provision of this Agreement shall be construed to be, nor be a waiver of any preceding, concurrent or succeeding breach of the same, or any other term or provision thereof.  No extension of time for performance of any obligation or acts shall be deemed an extension of time for performance of any other obligations or acts.

12.  <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of California.  The United States Bankruptcy Court for the Eastern District of California shall retain and have exclusive jurisdiction to enforce and interpret the provisions of this Agreement.

13.  <u>Severability</u>.  Should any part of this Agreement be declared invalid, void or unenforceable, all remaining parts shall remain in full force and effect and shall in no way be invalidated or affected.

14.  <u>Advice of Counsel</u>.  The parties to this Agreement acknowledge that each of them has had the opportunity to be represented by counsel in the negotiation and preparation of this

Agreement, and each party has relied upon advice of their respective counsel in executing this Agreement. Each of the parties hereto acknowledges that this Agreement is freely and voluntarily entered into by each of them upon the advice of their respective counsel.

15. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all such counterparts, taken together, shall constitute one and the same instrument. Delivery by a party to the other party of an executed counterpart of this Agreement may be by facsimile, email, or other electronic means and shall be an original as against the party whose signature appears on such counterpart.

16. <u>Attorneys' Fees and Enforcement of Agreement</u>. In the event, any party hereto fails to perform any of its obligations under this Agreement, or in the event a dispute arises concerning the meaning or interpretation of any provision, hereof, the defaulting party, or the party not prevailing in such dispute, as the case may be, shall pay any and all costs and expenses incurred by the other party, or parties, in enforcing or establishing its or their rights hereunder, including, without limitation, reasonable attorneys' fees and costs.

17. <u>Construction of Agreement</u>. The parties hereto agree that any rule of construction to the effect that the ambiguities are resolved against the drafting party shall not apply to the interpretation of this Agreement.

18. <u>Further Assurances</u>. Whenever requested to do so by the other party, each party shall execute, acknowledge, and deliver any and all such further conveyances, assignments, confirmations, satisfactions, releases, powers of attorney, instruments of further assurance, approvals, consents, and any and all such further instruments and documents as may be necessary, expedient, or proper, in order to complete any and all conveyances, transfers, sales, and assignments contemplated by this Agreement, and to do any and all other acts, and to execute, acknowledge, and deliver any and all documents as so requested in order to carry out the intent and purpose of this Agreement.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement as of the date set forth above.

Dated: 12/1/2025

NIKKI B. FARRIS, for the estate of JAMISON

*Nikki B. Farris*
B52C13040673425...
Nikki B. Farris, Trustee

Dated: 12/1/2025

EDWARD SANTIAGO

*Edward Santiago*
6681CA6C6F3C4BD...
Edward Santiago

Dated: 12/1/2025

LORI SANTIAGO

[signature]
6681CA6C6F3C4BD...
Lori Santiago

4932-1581-4012.1 014992.079        4 of 4

6